

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stephen F. Hebert
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-2181
Re: Under the facts set forth, may the
tax collector issue a voting poll
tax receipt to the subject parties.

We have carefully considered your letter of
recent date, requesting the opinion of this department
upon the matter described in your letter as follows:

"On Dec. 15, 1939, a certain gentleman
in this county, being in the oil lease busi-
ness, came to the Tax Collector's Office and
paid all of a certain party's taxes, includ-
ing poll taxes for the husband and wife. The
party whose taxes were paid by this lessee
was the lessor. It so develops that the Tax
Collector issued tax receipts for all that
was paid by this lessee, but did not issue
actual poll taxes, receipts and apparently
this lessor, whose taxes were paid, failed
to notice when this lessee brought his tax
receipts back to him, that he did not actual-
ly have his poll tax receipts for himself and
his wife.

"It now develops that apparently the
lessee who paid the above taxes had a signed
lease from the lessor, properly acknowledged,
in his possession, and presented same to the
Tax Collector when the lessee paid these taxes.
The last paragraph in the lease properly signed
by the lessor, and held by the lessee, and
which said lessee presented when he paid the
taxes, read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Stephen F. Hebert, page 2

"'Lessor hereby warrants and agrees to
defend the title to the lands herein de-
scribed, and agrees that the lessee shall
have the right at any time to redeem for
lessor, by payment, any mortgage, taxes,
or other liens on the above described lands,
in the event of default of payment by les-
sor, and be subrogated to the rights of
the holder thereof.'

"The Tax Collector takes the position now
that since the poll tax receipts were not issued
before January 31, 1940, that he cannot issue
them now. The lessee takes the position that
since the poll taxes were paid in due time ac-
cording to law, and that the last paragraph
above referred in said lease held by the lessee
who paid the poll tax, properly signed and no-
tarized, was sufficient authority for the Tax
Collector to have issued the actual poll tax
receipts."

It is clear, in our opinion, that the issuance
of voting poll tax receipts by the tax collector, under
the circumstances described in your letter, would be
violative of the following statutes:

Article 2961, Revised Civil Statutes of Texas,
which provides:

"Art. 2961. MODE OF PAYING POLL TAX
If the taxpayer does not reside in a city
of ten thousand inhabitants or more, his poll
tax must either be paid by him in person or by
some one duly authorized by him in writing to
pay the same, and to furnish the collector the
information necessary to fill out the blanks
in the poll tax receipt. Such authority and
information must be signed by the party who
owes the poll tax, and must be deposited with
the tax collector and filed and preserved by
him."

Article 2965, Revised Civil Statutes of Texas,
which provides, in part:

Hon. Stephen P. Hebert, page 3

"Art. 2963.  RECEIPT MAILED

"  *  *  *  .

"All tax receipts issued for any year
after January 31st shall be stamped on the
face thereof:  'Holder not entitled to vote,'
and the names of the holders of such poll tax
receipts shall not be included in the list of
qualified voters."

It is observed that Article 2961, supra, re-
quires the taxpayer not only to sign an agency author-
ization but also the statement containing the informa-
tion necessary to enable the tax collector to prepare
the poll tax receipt, same to be deposited with the
tax collector and filed and preserved by him.  Manifest-
ly, this requirement of the statute has not been complied
with under the facts stated in your request, even if
the oil and gas lease described were a sufficient agency
authorization, concerning which we need not and do not
express an opinion.

Likewise, Article 2963, supra, places the man-
datory duty upon the tax collector to stamp on the face
of any poll tax receipt issued after January 31st of any
year the words "Holder not entitled to vote".  Certainly
this provision would be violated were the tax collector
at this time, to issue a poll tax receipt without the
notation thereon as prescribed by this statute.

We also call your attention to Article 199 of
the Penal Code, which provides:

"Art. 199.  TAX COLLECTOR UNLAWFULLY DELIVER-
ING RECEIPT
Any tax collector who delivers a poll tax
receipt or certificate of exemption to any one
except the one entitled thereto and at the time
when the tax is paid or the certificate of ex-
emption is applied for, except as specially per-
mitted by law shall be fined not less than one
hundred nor more than one thousand dollars, and
shall be removed from office."

Hon. Stephen F. Hebert, page 4

You are, therefore, respectfully advised that it is our opinion that there are no steps which the tax collector may take, under the circumstances described in your letter, whereby he may at this time, under the statutes defining the duties of his office pertaining to poll taxes, issue to the subject parties a valid voting poll tax receipt.

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

APPROVED APR 20, 1940

ZCS:ob

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN